

**COUCH WHITE**

COUNSELORS AND ATTORNEYS AT LAW

Couch White, LLP
540 Broadway
P.O. Box 22222
Albany, New York 12201-2222
(518) 426-4600

Michael T. Wallender
Partner

Direct Dial: (518) 320-3425
Telecopier: (518) 426-0533
email: mwallender@couchwhite.com

July 30, 2010

<u>VIA ECF</u>

Hon. David R. Homer
Unites States Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207-2974

Re: <u>Kelly Bennett v. Sterling Planet, Inc.</u>
    Civil Action #09-1176 (GLS/DRH)
    **Request for Local Rule 7.1(d) Court Conference**

Dear Judge Homer:

  We are writing pursuant to Local Rule 7.1(d)(3) to request a Court Conference as a prerequisite to filing a non-dispositive motion pursuant to Fed. R. Civ. P. 37(a). Pursuant to Local Rule 7.1(d)(3), attached hereto is the Affidavit of Michael T. Wallender, sworn to July 30, 2010, that sets forth the dates and modes of the consultations with opposing counsel regarding the discovery disputes in this matter. In view of potential confidentiality concerns, the exhibits thereto are being tendered to the Chambers of Magistrate Judge Homer for tentative filing under seal pursuant to the May 17, 2010 Order of Hon. David R. Homer. This letter addresses the nature of the dispute and why the Court should allow Plaintiff's requests for relief.

  On or about June 7, 2010, Plaintiff Kelly Bennett ("Bennett" or "Plaintiff") served a First Set Interrogatories and a First Request for Production of Documents to Defendant Sterling Planet, Inc. ("Sterling Planet" or "Defendant"). On or about July 8, 2010, Sterling Planet submitted its Responses to Bennett's Interrogatories and Requests for Production and promised to produce the relevant documents on or before July 28, 2010. A review of Sterling Planet's discovery responses, indicates that they are incomplete and unsatisfactory, as well as that the Defendant did not furnish the responsive documents, timely or at all in some cases.

  Pursuant to Local Rule 7.1(d), phone conferences with Sterling Planet's counsel were held on Wednesday, July 28, 2010, and Thursday, July 29, 2010, at 3:00 pm to discuss, and attempt to resolve, this dispute. Unfortunately, discussions between the parties did not lead

to a resolution of this dispute. Accordingly, Plaintiff respectfully requests a conference with the Court at its earliest convenience. Plaintiff respectfully submits that Defendant's non-compliance with its discovery obligations has compromised Plaintiff's preparation for the depositions and the deposition of Defendant's 30(b)(6) witness Melvin Jones which had been conditionally scheduled for August 4 and 5, 2010, respectively, on the condition of Defendant's timely compliance with its discovery obligations, which did not occur. Accordingly, Plaintiff requests that said depositions be appropriately rescheduled following full compliance with the Defendant's discovery obligations.

**Nature of Dispute and Relief Sought**

1. **Response to Interrogatory Number 4**

Bennett's Interrogatory #4 requested that Sterling Planet "set forth in detail the amount of any gross profit for each customer contract or transaction identified in a Confidential Spreadsheet, which was attached as Exhibit "A," together with the figures used by the Sterling Planet to compute the applicable gross profit." In response, Sterling Planet initially asserted that it would only provide documents identifying the gross profit, if any, for each customer or transaction for which Plaintiff has a fully executed End-User Referral Form. After discussion at the July 28, 2010 conference, Defendant promised to provide the requested substantive response to Interrogatory #4 and to identify on July 29, 2010 the time this response would be provided. However, at the July 29, 2010 Local Rule 7.1(d) conference Mr. Costyn could only estimate that a substantive response would be made in about one to one-and-a-half weeks, i.e. after the proposed deposition dates.

Bennett's written employment contract with Sterling Planet provides that the company will pay her a ten (10%) percent commission on the gross profits earned with respect to contracts for renewable energy products. As such, the information requested in Interrogatory #4 is directly relevant to computation of potential damages and Sterling Planet's business practice of distributing or paying commissions for sales of renewable energy contracts.

Bennett contends that Sterling Planet substituted its QuickBase system for End-User Referral Forms ("EUR"). The accounts identified in Exhibit "A" to the Interrogatories are those accounts for which Plaintiff claims commission as the sales representative for Sterling Planet in its QuickBase system. In this matter, the discovery of financial information is relevant and necessary to develop Bennett's claims for right to commissions, her claims for damages, and for potential impeachment of witnesses. The information sought by Bennett is limited to Sterling Planet's gross profit on certain, specified contracts. Defendant has now agreed to substantively answer Interrogatory #4, but has not yet done so. It I respectfully

submitted that the Court should order this answer be granted by a date certain. The gross profit is a key subject of inquiry for Defendant's Rule 3(b)(6) witness.

2. **Response to Requests for Production Number 11**

Bennett's Requests for Production #11 requested documents that are "relevant to the computation of the gross profit(s) earned by Sterling Planet for contracts and entities identified in the Confidential Spreadsheet attached as Exhibit "A" to Bennett's Response to Sterling Planet's Interrogatories." In response, Sterling Planet initially asserted that it only has to provide gross profit numbers for accounts for which Bennett has a "fully executed End-User Referral Form."

Defendant has now agreed to provide a substantive response to Interrogatory #4, which requires a statement of the gross profit as to each contract in Exhibit "A," together with the figures used in the basis of its computation. Plaintiff is entitled to the underlying documents upon which that computation of gross profits is based for the same reasons that it is entitled to a substantive answer to Interrogatory #4.

3. **Response to Requests for Production Number 12**

Bennett's Requests for Production #12 requested "Sterling Planet's Articles of Incorporation, By-Laws, Stock Ledger and Shareholder Reports for 2000 thru 2010." In response, Sterling Planet asserted that "[i]nformation related to other individuals' ownership interest in Sterling Planet has no bearing on Bennett's claim to be contractually entitled to 25,000 shares of Sterling Planet's stock."

Bennett's written employment contract with Sterling Planet states that the company will provide Bennett with 25,000 shares of Sterling Planet stock, which is vested over a three (3) year period. To date, Sterling Planet has failed to provide Bennett with any shares of its stock. Sterling Planet, in its answer, denies that it owes any shares of its stock to Bennett and has asserted that its written employment agreement with Bennett refers only to stock "options." However, the agreement states: "Kelly, part of this offer you will receive 25,000 shares from the management stock option paid based upon the following vesting schedule" (Exhibit "A").

The requested documents are relevant to the rights and value of the 25,000 shares of stock of Sterling Planet, Inc. Furthermore, the requested documents are relevant to rebutting and assessing the Defendant's defense that does not owe any shares of its stock to Bennett and its claim that the written employment agreement with Bennett refers only to stock

"options." The rights and value of shares of stock in Sterling Planet, Inc. is a key subject of inquiry of Defendant's Rule 30(b)(6) witness.

### 4. Response to Requests for Production Number 13

Bennett's Requests for Production #13 requested documents that are "relevant to the commissions earned by any third-party and/or paid to third-party by Sterling Planet in connection with any and all renewable energy contracts entered into by Sterling Planet from 2000 to 2010." In response, Sterling Planet asserted that the information sought by Bennett "is not relevant to the claims and defenses in this case, in which only Bennett's compensation is at issue . . . ."

As stated above, in Bennett's pleadings and throughout this matter, she claims that she is owed commissions on certain accounts for which she was a sales representative, as well as, claiming that Sterling Planet has paid such commissions to various third parties. In response, Sterling Planet has asserted a defense that it does not and has not paid any party, internal or external, commissions for renewable energy contracts. In its response to Interrogatory #1, Sterling Planet acknowledges that it has paid commissions to certain individuals, which it refers to as "independent contractors." Plaintiff is entitled to discovery of the documents regarding any commission payments, including those utilized by Defendant to compute and pay commissions.

Plaintiff's commission claims are an integral part of her claim for compensation against Sterling Planet, and, as such, Defendant should be required to produce these relevant documents. Furthermore, the documents requested are relevant to Plaintiff's claim that Sterling Planet has paid such commissions to various third parties and relevant to Sterling Planet's claim that it does not and has not paid any employee commissions for renewable energy contracts. The payment of compensation with respect to contracts for renewable energy power is a key subject for inquiry of Defendant's Rule 30(b)(6) witness.

### 5. Response to Requests for Production Number 14

Bennett's Requests for Production #14 requested documents "relevant to the issuance, payments, distribution and/or gifting of shares of Sterling Planet, Inc. stock by Sterling Planet to Bennett and/or any employee of Sterling Planet from 2000 to 2010." In response, Sterling Planet asserts that such information "is not relevant to the claims and defenses in this case [and] . . . has no bearing on Bennett's claim to be contractually entitled to 25,000 shares of Sterling Planet's stock."

Plaintiff's written agreement with Sterling Planet provided that she "will receive 25,000 shares from the management stock option . . . ." As part of its initial discovery responses, Defendant has failed to provide any information or documents that relate to or even discuss the payment, gifting and/or transfer of its stock, despite the clear relevance of such documents and information to both Plaintiff's and Defendant's claims. Further, Defendant has not asserted that such documents do not exist or that they would be burdensome to produce or that they are privileged, Defendant has simply asserted that they are not "relevant," which, given the clear language of Sterling Planet's written employment agreement with Bennett, is a meritless contention. The payment and transfer of shares of stock in Sterling Planet, Inc. is a key subject of inquiry of Defendant's Rule 30(b)(6) witness.

### 6. Scheduling of Depositions of Bennett and Sterling Planet's Rule 30(b)(6) Witness

Depositions of Plaintiff Kelly Bennett and Sterling Planet's Fed. R. Civ. P. 30(b)(6) witness were conditionally scheduled for Wednesday, August 4, 2010, and Thursday, August 5, 2010, respectively upon express condition of Defendant's timely compliance with its discovery obligations(July 2, 2010 scheduling letter attached to Wallender Affidavit as Exhibit "G"). Moreover, Plaintiff's Notice of Deposition to Sterling Planet's counsel, expressly stated that all documents responsive to Sterling Planet's Rule 26(a)(1) Initial Disclosures and Bennett's First Request for Production of Documents must be provided prior to the deposition.

At this time, Sterling Planet has not provided a substantive answer to Interrogatory #4, although it has been promised that perhaps in one to one-and-a-half weeks such response will be provided. Furthermore, Defendant has not provided documents responsive to Request #11, #12, #13 and #14. The requested documents directly relate and are relevant to (1) Plaintiff's damage calculations; (2) Plaintiff's claims as to her right to commissions; (3) Plaintiff's claims as to her right to shares of Sterling Planet, Inc. stock; (5) Defendant's claims of not paying commissions; (6) Defendant's claims of not providing shares of Sterling Planet, Inc. stock; (7) the ability to prepare Bennett for her own deposition; (8) the ability to prepare for and examine Defendant's Fed. R. Civ. P. 30(b)(6) witness; and (9) the ability to impeach and/or examine Defendant's Fed. R. Civ. P. 30(b)(6) witness regarding its various statements regarding its business practices.

To date, Defendant has provided approximately 6,000 pages of documents that consist almost exclusively of e-mail correspondence. Absent from such Defendant's response are any documents regarding the proposals, supply contracts, invoices, attestation forms of delivery, Green-e audits and approval worksheets, Sales Contract Request Forms, contracts, agreements, and/or purchase orders entered into by Sterling Planet with the identified customers. Absent are any of the attachments referenced and discussed in the e-

mail correspondences. Absent are any physical letters, faxes, or correspondence sent by Sterling Planet, which we know exists since the written employment agreement is on Sterling Planet letterhead. Further, while Defendant has agreed to provide a substantive response and documentation relevant to Sterling Planet's gross profits on contracts for which Bennett was the sales representative (Interrogatory #4 and Document Request #11), Defendant does not propose to make such response until <u>after</u> the dates currently scheduled for depositions.

All of the above-identified documents and information is highly relevant and vital to both the preparation and conduct of the depositions of Plaintiff and Defendant's Fed. R. Civ. P. 30(b)(6) witness, Mel Jones. Defendant has not made a complete and appropriate response to the Plaintiff's discovery demands. It is unreasonable and inappropriate to proceed with depositions without full compliance and a reasonable opportunity for Plaintiff to review and prepare for the depositions. It would be a waste of both parties' time, money and effort to conduct the scheduled depositions. Defendant's incomplete and inappropriate discovery response leave much of the relevant documentation absent and severely prejudices Plaintiff's preparation for such depositions. *See PrecisionFlow Techs., Inc. CVD Equip. Corp.*, 2002 U.S. Dist. LEXIS 28364, *3–5 (N.D.N.Y. Apr. 2, 2002).

Sterling Planet has failed to fully and properly respond to Bennett's discovery demands. Any Local Rule 7.1(d) court conference and additional responses by the Defendant cannot provide sufficient opportunity for Plaintiff to prepare for the depositions of the Plaintiff and Defendant's Rule 30(b)(6) witness. Accordingly, Plaintiff respectfully requests that Court to enter an Order requiring Defendant's compliance with Plaintiff's discovery demands and adjourning the depositions until Sterling Planet has fully and appropriately responded with Bennett's discovery demands.

## Legal Support

FRCP 26(b)(1) provides, in relevant part, "[p]arties may obtain discovery regarding any matter, not privileged, that is <u>relevant to the claim or defense of any party</u> . . . . For good cause, the court may order discovery of <u>any matter relevant to the subject matter involved in the action</u>. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Emphasis added.

"While not unlimited, 'relevance for the purposes of discovery is an <u>extremely broad concept</u>.'" *Melendez v. Allen*, 2008 U.S. Dist. LEXIS 54801, *2 (N.D.N.Y. July 17, 2008) (emphasis added) (citations omitted). "The Second Circuit has recognized that Rule 26 relevance is an '<u>obviously broad rule</u>' that is '<u>liberally construed</u>.'" *Zinter Handling, Inc. v. Gen. Elec. Co.*, 2006 U.S. Dist. LEXIS 83389, *12 (N.D.N.Y. Nov. 16, 2006) (emphasis added) (citation omitted); *see also Thompson v. Johnson*, 2010 U.S. Dist. LEXIS 33172, *2–3 (N.D.N.Y. Apr. 2, 2010).

"Information sought is relevant if there is 'any possibility" that it may lead to the discovery of admissible evidence regarding any claim or defense." *Zinter Handling, Inc.*, 2006 U.S. Dist. LEXIS 83389 at *12 (citation omitted); *see also Bruno v. CSX Trans., Inc.*, 262 F.R.D. 131, 133 (N.D.N.Y. 2009) ("This broad standard 'encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'") (citation omitted).

The ultimate determination of what is and what is not "relevant" under FRCP 26(b)(1) is the province of the district court and the court must adhere to the liberal spirit underlying the discovery rules and their purpose. Further, any undue limitation of discovery is considered an abuse of discretion.

"A party objecting to the disclosure of certain evidence bears the burden of establishing 'precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure.' General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez*, 2008 U.S. Dist. LEXIS 54801 at *2–3 (citations omitted). "Generally, discovery is only limited 'when sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant,' or privileged." *Fox v. Cheminova, Inc.*, 2006 U.S. Dist. LEXIS 11463, *26 (E.D.N.Y. Mar. 1, 2006).

Although the FRCP does not define relevance, Rule 401 of the Federal Rules of Evidence defines "relevant evidence" to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In *Zinter Handling, Inc.*, the Northern District Court of New York denied a plaintiff's motion to quash a defendant's subpoena that sought the discovery and disclosure of certain financial records. 2006 U.S. Dist. LEXIS 83389 at *1, 11–14. The *Zinter* court found that the documents sought concerned plaintiff's claims for damages and, as such, the documents were relevant within the meaning of FRCP 26(b)(1). *Id.* at *13; *see also Bruno*, 262 F.R.D. at 133, 134 (granting defendant's motion to compel discovery of information relevant to plaintiff's claim for damages).

FRCP 33(a)(2) states, in relevant part, that "[a]n interrogatory may relate to <u>any matter that may be inquired into under Rule 26(b),</u> [and a]n interrogatory is <u>not objectionable</u> merely because it <u>asks for an opinion or contention that relates to fact</u> or the application of law to fact. . . ." Emphasis added. The court "may order responses to contention interrogatories, even in the early stages of discovery, where responses would assist in clarifying plaintiff['s] allegations and identifying witnesses without imposing undue burdens

on the responding party." *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 234 (E.D.N.Y. 2007).

"As answers to interrogatories served pursuant to Rule 33(a) must be in a form suitable for use at trial, it is insufficient to answer by merely referencing allegations of a pleading." *Kenneth v. Nationwide Mut. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 83973, *52 (W.D.N.Y. Nov. 13, 2007) (citations omitted).

In *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, the Eastern District Court of New York granted a defendant's motion to compel plaintiff to respond to defendant's interrogatory regarding plaintiff's damage computations. 2009 U.S. Dist. LEXIS 104020, *16–17 (E.D.N.Y. Nov. 9, 2009). The *Palm Bay* court accepted the defendant's assertion that "the issue of damages, including the method by which they were computed, is fully discoverable." *Id.* at *16 (citations omitted).

In *Cornell Research Found., Inc. v. Hewlett-Packard Co.*, the Northern District Court of New York granted a plaintiff's motion to compel defendant to respond to a plaintiff's interrogatories and document requests in the connection with damage computations, including information concerning defendant's gross profits. 223 F.R.D. 55, 62–63, 82 (N.D.N.Y. 2003).

Based upon the foregoing, we respectfully request a Court conference to resolve this issue, including but not limited to an Order requiring Defendant Sterling Planet, Inc. to fully and appropriately respond to Plaintiff's discovery demands and adjourning the scheduled depositions in this matter until such time as Defendant has complied with any such Order.

Thank you for your continuing attention to this matter. Recognizing the urgency of this mater, I can be contacted via email (mwallender@couchwhite.com) or cell phone (518-505-3268).

                      Respectfully submitted,

                      COUCH WHITE, LLP

                      **s/Michael T. Wallender**

                      Michael T. Wallender

MTW/NRS/rs
cc:    Electronic Service List
S:\DATA\Client8 13601-13900\13734\Corres\Judge Homer_07-30-10.doc