UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELLY BENNETT,

                Plaintiff-Counterclaim Defendant,      **AFFIDAVIT**

   -against-

                                                                      Civil Action No. 09-1176

STERLING PLANET, INC.,                          (GLS/DRH)

                Defendant-Counterclaim Plaintiff.

_____

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF ALBANY    )

        MICHAEL T. WALLENDER, being duly sworn, deposes and says:

        1.    I am an attorney at law duly admitted to practice before the United States District Court, Northern District of New York, and I am a partner of the firm of Couch White, LLP, attorneys for the Plaintiff Kelly Bennett ("Plaintiff"). As such, I am fully familiar with the facts and circumstances of this action.

        2.    I submit this affidavit in support of Plaintiff's request, pursuant to Local Rule 7.1(d), for a court conference as a prerequisite to filing a non-dispositive motion pursuant to Fed. R. Civ. P. 37(a).

        3.    Plaintiff claims that there was a breach of her written employment contract (Complaint, Exhibit "A") with Defendant Sterling Planet, Inc. ("Defendant"), as the result of Defendant's non-payment of commissions and failure to provide 25,000 shares of stock in the Defendant. Plaintiff asserts that she is entitled to the specific stock and to

commissions measured at 10% of Defendant's gross profits as defined in her employment agreement and determined under Defendant's sales records.

4. Defendant has counterclaimed that there was an alleged breach of a confidentiality agreement and the Georgia Trade Secrets Act based upon Plaintiff alleged use and/or continued use of Defendant's Confidential Information and/or Trade Secrets in violation of the Confidentiality Agreement.

5. On or about February 12, 2010, pursuant to Fed. R. Civ. P. 26(a)(1)(A), Defendant submitted its initial disclosures identifying categories of documents. The documents identified in its initial disclosures were not provided.

6. On or about June 7, 2010, Plaintiff submitted a First Set Interrogatories and a First Request for Production of Documents to Defendant. A copy of Plaintiff's First Set Interrogatories and First Request for Production of Documents are attached hereto as Exhibits "A" and "B" respectively.

7. On or about July 8, 2010, Defendant submitted its Responses to Plaintiff's First Set Interrogatories and First Request for Production of Documents. A copy of Defendant's Responses to Plaintiff's First Set Interrogatories and First Request for Production of Documents are attached hereto as Exhibits "C" and "D" respectively. The documents identified in the responses were not provided.

8. Upon reviewing Defendant's responses, however, Plaintiff discovered that certain responses were incomplete and/or unsatisfactory.

9. On Monday, July 26, 2010, and pursuant to Local Rule 7.1(d), I faxed a letter to Defendant's counsel, Joey Costyn, Esq., requesting that Defendant provide an

appropriate and complete responses to the Plaintiff's First Set Interrogatories and First Request for Production of Documents, and proposed a telephone conference to discuss the matter on Wednesday, July 28, 2010, at 3:00 pm.  A copy of my July 26, 2010 letter setting forth Plaintiff's position regarding Defendant's incomplete and unsatisfactory discovery responses is attached hereto as Exhibit "E."

10.     In an e-mail response, dated July 27, 2010, Attorney Costyn agreed to the Local Rule 7.1(d) phone conference on Wednesday, July 28, 2010 at 3:00 p.m.

11.     In its response to Plaintiff's First Request for Production of Documents, Defendant stated that Plaintiff would produce relevant documents on or before July 28, 2010.

12.     As of Wednesday, July 28, 2010, my office had not received the responsive documents promised in Defendant's Response to Plaintiff's First Request for Production of Documents.

13.     During the parties' Local Rule 7.1(d) conference on July 28, 2010, which was attended by Defendant's counsel Joey Costyn and Philip Davidoff, my associate Nathan Sabourin and myself, Attorney Costyn stated that the copies of a couple thousand pages of documents were being sent by overnight delivery on that day – July 28, 2010.

14.     During the parties' July 28, 2010 Local Rule 7.1(d) conference, I reiterated Plaintiff's position (set forth in Exhibit E) that Defendant's discovery responses were incomplete and unsatisfactory, as well as that Defendant's contentions as to what is and what is not relevant are meritless and do not constitute a proper basis for withholding discovery.

15. Defendant's counsel argued that the documentation, interrogatory responses, and information requested by Plaintiff were not relevant. Defendant initially contended, for the first time, that a response to Interrogatory #4 and Document Request #11 would be unduly burdensome. However, following further discussion, attorney Costyn promised to provide a substantive answer to interrogatory #4 and the documents requested in Document Request #11, as well as to confirm on July 29, 2010 when this would be provided. Nevertheless, on July 29, 2010, attorney Costyn said he could not provide a firm date, but estimated that substantive responses could be provided in one or one-and-a-half weeks.

16. During our July 28, 2010 conference, Defendant's counsel suggested that many of Plaintiff's concerns would likely be resolved upon Plaintiff's further review of the documentation that was going to be overnighted by Defendant that evening and, accordingly, further suggested that counsel hold a second phone conference on Thursday, July 29, 2010, at 3:00 pm, to again discuss Plaintiff's concerns.

17. I agreed to hold a second phone conference on July 29, 2010 at 3:00 p.m., while advising Defendant that Plaintiff reserved the right to reschedule the depositions and to apply to the Court regarding the discovery disputes.

18. On Thursday, July 29, 2010, at approximately 10:00 am, our office received an overnight package from Defendant that consisted of a single "cd" and a one page cover letter (Exhibit "F") which did not provide any organizational information regarding the documents on the "cd" or organize and label them in response to the category in Plaintiff's Document Requests. That cover letter stated:

> "Enclosed please find a disk containing electronic copies of Defendant's First Production of Documents in the above referenced case. Due to technology

failure we were unable to produce hard copies via overnight mail today, but will supplement with a hard copy tomorrow. All documents produced herein are designated as "Confidential Information" subject to the Stipulation and Protective Order entered by the Court on May 17."

At no time during the previous day's conference at 3:00 p.m. on July 28, 2010 did Defendant's counsel advise my office that Defendant would only be submitting a single "cd" of the documents, rather than hard copies which were to have been produced on or before July 28, 2010.

19.  The timing and manner of Defendant's discovery responses have complicated the review thereof and Plaintiff's preparation for depositions.  My firm began the time consuming task of printing out copies of the documents on the "cd" on July 29, 2010.

20.  During the parties' second Local Rule 7.1(d) conference on July 29, 2010 at 3:00 p.m., I expressed my displeasure with Defendant counsel's submission of the single "cd" and failure to provide a responsive document that identified which documents were responsive to which paragraphs of the discovery requests.  I stated that based my office's initial review of the electronic documents submitted by Defendant, Defendant had failed to fully and appropriately respond to Plaintiff's First Request for Production of Documents, including #11, #12, #13 and #14, as well as interrogatory #4.  I agreed that when my firm did receive the hard copies, now estimated by attorney Costyn at approximately 6,000 pages, those hard copies would be reviewed and then my firm would determine how to proceed.  I reiterated Plaintiff's reservation of the right to reschedule the depositions and to apply to the Court.  I noted that the depositions had been scheduled for August 4 and 5, 2010,

upon the condition of the timely compliance with Plaintiff's discovery demands, which did not occur.

21. Following the July 29, 2010 second Local Rule 7.1 conference at 3:00 p.m., Defendant's counsel faxed a letter at 3:49 p.m. (inaccurately dated July 28, 2010) which recited the "Divider Title" labels for the documents on the "cd" (Exhibit "G"). However, this document did not organize and label them to respond to Plaintiff's document requests. A review thereof indicated that responsive documents to Document Requests #11, #12, #13 and #14 were not provided.

22. The depositions of Plaintiff Kelly Bennett and Defendant's Fed. R. Civ. P. 30(b)(6) witness had been conditionally scheduled for Wednesday, August 4, 2010, and Thursday, August 5, 2010, respectively, upon the condition that Defendant would timely and fully respond to the Plaintiff's preexisting discovery requests (see July 2, 2010 scheduling letter, attached as Exhibit "H"). It is Plaintiff's position that absent a complete and satisfactory responses by Defendant to the disputed discovery requests, appropriate preparation of Plaintiff for her deposition and Plaintiff's preparation for the deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness is severely and improperly hampered. The information and documents sought by Plaintiff, and denied or untimely provided by Defendant, are relevant to Plaintiff's liability claims that Defendant breached the written employment agreement by failing to pay her commissions, failing to provide her with shares of Defendant's stock, and are relevant to the establishment of Plaintiff's damage claims. As such, these depositions should be adjourned until a time after which Defendant has fully complied with Plaintiff's discovery requests, including its substantive answer to

interrogatory #4, which has been promised but not yet received, as well as substantive responses to Document Requests No. 11, 12, 13 and 14, which are explained in the Plaintiff's letter of July 20, 2010 (Exhibit "A").

23. Plaintiff's attorney letter of July 26, 1010 (Exhibit "E") and my contemporaneous letter of July 30, 2010 set forth the nature of the discovery disputes and the reasons for the relief sought.

24. Based upon the foregoing, I hereby request the Court to grant a court conference to resolve these discovery disputes at the Court's earliest convenience and order Defendant's compliance with the disputed discovery requests and reschedule the deposition of Plaintiff and Defendant's 30(b)(6) witness Melvin Jones.

25. In order to obviate any concerns regarding confidentiality issues, the Exhibits to this Affidavit are being tendered by hand delivery to the Chambers of Magistrate Judge Homer for tentative filing under seal pursuant to the May 17, 2010 Order of Hon. David R. Homer.

_____
Michael T. Wallender, Esq.
Bar Roll #102780

Sworn to before me this
30th day of July, 2010

_____
Notary Public

REGINA SPORTMAN
Notary Public, State of New York
No. 01SP4706057
Qualified in Rensselaer County
Commission Expires September 30, 20_10_

S:\DATA\Client8 13601-13900\13734\DISTRICT COURT\MTW Affidavit_Rule 7 Conference.doc