UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KELLY BENNETT,

                Plaintiff,

-against-

STERLING PLANET, INC.,

                Defendant.

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE***

**Civil Action No. 1:09-cv-1176 (GLS/ATB)**

---

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF ALBANY     )

       **MICHAEL T. WALLENDER**, being duly sworn, deposes and says:

       1.    I am an attorney at law duly admitted to practice before the United States District Court, Northern District of New York, and I am a partner of the firm of Couch White, LLP, attorneys for the Plaintiff Kelly Bennett ("Plaintiff"). As such, I am fully familiar with the facts and circumstances of this action.

       2.    I submit this affidavit in support of Plaintiff's Motion *in Limine* to preclude Defendant Sterling Planet, Inc. ("Sterling Planet" or the "Company" or "Defendant") from offering at trial (1) testimony by persons other than Melvin Jones relating to the items listed in Plaintiff's Rule 30(b)(6) Notices of Deposition; (2) evidence that contradicts the gross profit figures and stipulated to profit margins for the renewable energy contracts upon which Plaintiff seeks to recover commissions, which figures Defendant provided in discovery; and (3) certain proposed Exhibits, the objections to which are set forth hereinafter.

A. **Preclusion of Testimony by Persons Other Than Defendant's Rule 30(b)(6) Witness, Melvin Jones**

3. On or about June 11, 2010, Plaintiff sent a Notice of Deposition to Defendant (the "Notice"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. A copy of the Notice is attached hereto as Exhibit A.

4. In the Notice, Plaintiff requested that Defendant produce one or more officers, directors, managing agents, or other agents and employees who ***consent to testify on its behalf*** and are the officers, directors, agents, or employees ***most knowledgeable*** as to the following matters:

   1. Communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and Plaintiff prior to Defendant's employment of Plaintiff;

   2. All matters relating to Defendant's president's hiring of Plaintiff;

   3. All matters relating to Defendant's president's, Mel Jones, letter to Plaintiff, dated December 30, 2005;

   4. Communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and Plaintiff regarding Defendant's termination of Plaintiff;

   5. All matters relating to Defendant's president's, Mel Jones, letter to Plaintiff, dated June 13, 2009;

   6. All matters relating to Defendant's termination of Plaintiff's employment with Defendant;

   7. Communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant and Plaintiff during the course of her employment with Defendant;

   8. Communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's senior management officers and Plaintiff during the course of her employment with Defendant;

   9. Discussions and communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and

       Plaintiff during the course of her employment regarding stocks and/or stock options;

10. Discussions and communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and Plaintiff during the course of her employment regarding the payment of bonuses;

11. Discussions and communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and Plaintiff during the course of her employment regarding the payment of commissions;

12. Defendant's development, drafting, and use of End-User Referral Forms;

13. Defendant's development and use of Quickbase system;

14. All matters relating to questions posed in Plaintiff's first set of interrogatories to Defendant;

15. All matters relating to documents demanded in Plaintiff's first notice to produce;

16. All matters relating to documents produced by Defendant in this action;

17. The marketing and sale of Defendant's products and services from 2006 to 2010;

18. The marketing and sale of renewable energy contracts by Defendant from 2006 to 2010;

19. Communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and Intel from 2005 to 2009;

20. The marketing and sale of renewable energy contracts by Defendant to Intel from 2005 to 2009;

21. Communications, including but not limited to electronic mail, phone calls, and letters, by and between Defendant's president and PepsiCo from 2005 to 2009;

22. The marketing and sale of renewable energy contracts by Defendant to PepsiCo from 2005 to 2009; and,

      23.    Defendant's use of Plaintiff in marketing and selling renewable energy contracts from 2005 to 2010.

Exhibit A.

5.    After discussions between the legal counsel for both Defendant and Plaintiff, the deposition of Defendant's Rule 30(b)(6) witness was rescheduled for August 5, 2010.  An Amended Notice of Deposition is attached hereto as Exhibit B.

6.    Defendant produced only one witness, Sterling Planet's President Melvin Jones ("Jones"), to testify on its behalf in response to the Notice.[1]

7.    During his deposition, Mr. Jones was obligated, to the best of his ability, to answer many of the questions posed to him by Plaintiff's counsel regarding the topics outlined in Plaintiff's Deposition Notice and purportedly did so.

8.    To the extent that Mr. Jones lacked knowledge regarding matters stated in Plaintiff's Deposition Notice, Defendant attempted to supplement Jones's testimony through the submission of additional documents and correspondence supplied following the deposition.  Attached hereto as Exhibit C are letters with attachments from Defendant's counsel, dated November 17, 2010 and December 9, 2010, in which Defendant purports to respond to outstanding issues and/or questions raised during the deposition of Mr. Jones.

9.    Defendant, however, did not attempt to provide any further witnesses to testify on its behalf.

10.    In its Witness List, submitted pursuant to Trial Order (attached hereto as Exhibit D), Defendant identifies three (3) current and/or former employees and/or representative of Sterling Planet, Inc. – Therrell "Sonny" Murphy, Jr., Robert Henry, and Robert Purser – as potential witnesses at trial.  A copy of Defendant's Witness List is attached hereto as Exhibit E.

11.     Defendant, however, fails, in contravention with the requirements of the Trial Order to provide a "brief summary of the testimony to be offered by each witness." (Exhibit D.)

B.  **Evidence Contradicting Defendant's Discovery Responses Regarding Gross Profit and Profit Margins for the Renewable Energy Contracts as to Which Plaintiff Seeks to Recover Commissions**

12.     On or about June 7, 2010, Plaintiff served a First Set of Interrogatories and a First Request for Production of Documents to Defendant. Attached hereto as Exhibits F and G respectively, is Plaintiff's First Set of Interrogatories and a First Request for Production of Documents.

13.     Plaintiff's Interrogatory Request #4 requested that Defendant "set forth in detail the amount of any gross profit for each customer contract or transaction identified in a Confidential Spreadsheet . . . together with the figures used by the Sterling Planet to compute the applicable gross profit." (Exhibit F, ¶ 4.)

14.     On or about July 8, 2010, Defendant submitted its Response to Plaintiff's Interrogatories and asserted that it would only provide documents identifying the gross profit for accounts for which Bennett has a "fully executed End-User Referral Form." Attached hereto as Exhibit H is Defendant's Response to Plaintiff's First Interrogatories.

15.     As a result of Defendant's continued refusal to provide an appropriate and complete response to Plaintiff's Interrogatory Request #4, a Local Rule 7.1(d) court conference was held on August 2, 2010, at which Hon. David R. Homer, U.S.M.J. ordered Defendant to respond to Interrogatory Request #4 by August 9, 2010. A copy of Hon. Homer's order is attached hereto as Exhibit I.

---

[1] The Court is respectfully referred to the Rule 30(b)(6) Deposition of Sterling Planet representative, Melvin Jones, taken on October 1, 2010, the transcript of which Plaintiff has filed with the Court pursuant to the Trial Order.

16. On August 9, 2010, Defendant's attempted to comply with the Court's order, however, Defendant's response was still inadequate and unresponsive of the Court's August 2, 2010 order and, as a result, I requested supplemental requests for Defendant to comply therewith. Attached hereto as Exhibit J are my letters of August 10 and 11, 2010.

17. In response, on or about August 13, 2010, Defendant submitted an Excel spreadsheet that Defendant represented as the "profit for each sale[, with] [p]rofit [being] calculated by subtracting supply cost from sale revenue, and additionally subtracting any brokerage fee that was related to the transaction." A copy of Defendant counsel's e-mail with attachment is attached hereto as Exhibit K.

18. Again, however, Defendant's supplemental response failed to identify gross profit and/or profit margin for certain contracts and/or clients identified by Plaintiff in Interrogatory Request #4 – the responses with respect to Clean Currents; EBA/NYS; Hartwick College/Pinelake Environmental Campus; Hamilton College (2009 REC Year); RBS Citizens, N.A.; Rutherfoord; Suffolk County; and, The Stop and Shop Supermarket Company. As such, I again requested that Defendant appropriately supplement its response to Interrogatory Request #4. A copy of my letter, dated August 19, 2010, is attached hereto as Exhibit L.

19. In response, on or about August 23, 2010, Defendant submitted yet another supplemental response to Plaintiff's Interrogatory Request #4. A copy of Defendant's supplemental response is attached hereto as Exhibit M.

20. In this further supplemental response, Defendant acknowledged that omitted gross profit information for "Clean Currents," "E4 2006 Conference," "Hartwick College," "RBS Citizens, N.A.," "Suffolk County," and "Stop & Shop" from its previous response. (Exhibit M.)

21. Defendant represented that it did not have any information regarding supply pricing for certain contracts, and offered to stipulate to a 50% profit for certain transaction – Clean Currents; Suffolk County; and, Stop & Shop. (*Id.*)

22. Defendant submitted documentation that contended that the total gross profit for RBS Citizens, N.A. contract was $87,528.45. (*Id.*)

23. During the deposition of Defendant's Rule 30(b)(6) witness Melvin Jones, however, Defendant acknowledged that its initial calculation of the total gross profit for RBS Citizens, N.A. contract was inaccurate and, as a result, submitted a further supplemental response stating that the actual total gross profit for RBS Citizens, N.A. contract is $217,350.00, which is attached hereto as Exhibit N.

24. To date, Defendant has not produced any further documentation and responses to Plaintiff's Interrogatory Request #4 and has not attempted to contradict any of the gross profit calculations that it has provided to Plaintiff in discovery.

### C.     Preclusion of Evidence Not Disclosed by Defendant During Discovery

25. On Tuesday, May 22, 2012, as part of the parties' obligation to review each other's Exhibits for a Pretrial Joint Stipulation, Defendant provide a proposed Exhibit list – attached hereto as Exhibit O – detailing Exhibits that Defendant seeks to utilize at trial.

26. Plaintiff respectfully submits that certain of these Exhibits should be precluded from trial because (i) Defendant failed to disclose these Exhibits during discovery; (ii) certain Exhibits are not relevant to the claims and defenses asserted in this matter; (iii) certain documents fail to satisfy the best evidence rule of the Federal Rules of Evidence; and/or (iv) Plaintiff never received certain documents during the course of her employment that Defendant

proposes to offer against her at trial regarding her employment with Sterling Planet and are not relevant.

### 1. *The Court Should Preclude Documents Not Produced During Discovery*

27. As stated above, on or about June 7, 2010, Plaintiff served a First Set of Interrogatories and a First Request for Production of Documents to Defendant. (Exhibit F, G.)

28. In her Requests for Production #5 and #6, Plaintiff requested correspondence and documents exchanged or transmitted between Defendant and Plaintiff during and/or after the time that Plaintiff was employed by Defendant. (Exhibit G.)

29. To the extent that Defendant did provide a response to these Requests, it Bates Stamped any such documents with "Def's 1st Prod. ####."

30. Defendant's proposed Exhibit list, however, includes numerous items that Defendant had not produced during discovery. While Defendant agreed to withdraw some other proposed Exhibits that had not been disclosed in discovery (*see* ¶36, *infra*), Defendant has refused to similarly withdraw the proposed Exhibits noted below.

31. Defendants' proposed Exhibits not produced in discovery include:

D-39, described by Defendant as "Letter to Bennett re: management positions being relocated to Atlanta, dated 2/20/09;"

D-40, described by Defendant as "Letter to Bennett re: consulting agreement, dated 7/1/09;"

D-42, described by Defendant as "E-mail attaching Letter to Bennett re: Sterling Planet's response to her 7/17/09 e-mail and 7/29/09 voicemail, dated 8/1/09;" and

D-51, described by Defendant as "Paystub through 7/31/09"

(copies of these proposed Exhibits are attached hereto as Exhibits P through S, respectively.

32. As it can plainly be seen, none of these challenged proposed Exhibits have a Bates stamp indicating when and where they were produced in discovery and Plaintiff has no indication that disclosure of these Exhibits occurred in discovery.

33. It appears that each of these challenged proposed Exhibits should have been disclosed by the Defendant during discovery, as each is purportedly relevant to the claims asserted by Plaintiff and/or the affirmative defenses asserted by Defendant, and, furthermore, is responsive to Plaintiff's request for correspondence and documents exchanged or transmitted between Defendant and Plaintiff during and/or after the time that Plaintiff was employed by Defendant. Defendant's failure to make proper disclosure during discovery should foreclose Defendant's opportunity to offer these Exhibits at trial.

34. For example, an important issue in dispute is the fact and circumstances surrounding Plaintiff's termination by Defendant, and Defendant's following proposed Exhibits give Defendant's version thereof, *albeit* a self-serving version:

> D-39 "Letter to Bennett re: management positions being relocated to Atlanta, dated 2/20/09;"
>
> D-40 "Letter to Bennett re: consulting agreement, dated 7/1/09;" and
>
> D-42 "E-mail attaching Letter to Bennett re: Sterling Planet's response to her 7/17/09 e-mail and 7/29/09 voicemail." (Exhibits P through R).

35. Again, none of these challenged Exhibits were disclosed by Defendant during the pretrial discovery phase of this litigation and, as a result, Plaintiff was not provided with the opportunity to examine Defendant's Rule 30(b)(6) witness, Mel Jones, regarding such proposed Exhibits.

### 2. *The Court Should Preclude Documents That are Not Relevant to Claims and Defenses of this Litigation*

36. In its proposed Exhibit list, Defendant identifies the following proposed Exhibits:

    D-51 "Paystub through 7/31/09;"

    D-53 "Sterling Planet Stock Option Plan;"

    D-54 "Unanimous Written Consent of the Board of Directors of Sterling Planet, Inc. – Adopting 2001 Stock Option Plan;"

    D-57 "Sterling Planet Financial Statements – December 31, 2008 and 2007;" and

    D-58 "Bennett's Confidentiality and Non-Solicitation Agreement, April 2007."

Copies of these proposed Exhibits are attached hereto as Exhibits S through W, respectively. Defendant also had proposed to offer the following Exhibits:

    D-56 "Amendment to 2001 Stock Option Plan (10/31/08); and

    D-57 "Board Meeting Minutes adopting Amendment to 2001 Stock Option Plan, dated 10/31/08.

However, in response to Plaintiff's objection Defendant in its May 29, 2012 emailed letter, agreed to withdraw these proposed Exhibits.

37. It is respectfully submitted that the challenged proposed Exhibits should be precluded by the Court because, *inter alia*, they bear no relevance to the claims and defenses asserted in this litigation.

38. First, as to Defendant's proposed Exhibit D-51 "Paystub through 7/31/09," there is no dispute amongst the parties that Defendant paid Plaintiff the salary enumerated in the subject Employment Agreement and Plaintiff makes no claim for unpaid wages.

39. Second, as to Defendant's proposed Exhibit D-53 "Sterling Planet Stock Option Plan," this Exhibit, although disclosed by Defendant during discovery, was never provided to

Plaintiff during the course of her employment, is not referred to in her Employment Agreement, and thus is not relevant to the terms promised to her therein.

40. Plaintiff's Employment Agreement states that Plaintiff is entitled 25,000 shares of Sterling Planet, Inc. stock from the "***management stock options pool.***" (Exhibit D-2 [emphasis added]). Defendant's proposed Exhibit D-43 was not provided to Plaintiff while she was working for Sterling Planet and does not state that it addresses the "management stock options pool," which is referred to in Plaintiff's Employment Agreement.

41. Third, as to Defendant's proposed Exhibit D-54 "Unanimous Written Consent of the Board of Directors of Sterling Planet, Inc. – Adopting 2001 Stock Option Plan," this Exhibit, although disclosed by Defendant during discovery, likewise was never provided to Plaintiff during the course of her employment, was not referenced in her Employment Agreement, and thus is not relevant to the terms promised to her therein.

42. Further, as with the previous proposed Exhibit D-53, the subject Employment Agreement states that Plaintiff is entitled 25,000 shares of Sterling Planet, Inc. stock from the "***management stock options pool***" (Exhibit T [emphasis added]), Defendant's proposed Exhibit D-54 was not provided to Plaintiff while she was working for Sterling Planet and does not state that it addresses the "management stock options pool," which is referred to in Plaintiff's Employment Agreement.

43. Fourth, as to Defendant's proposed Exhibit D-57 "Sterling Planet Financial Statements – December 31, 2008 and 2007," this proposed Exhibit purports to be the financial statement for an entity called "Sterling Planet Holdings, Inc." Sterling Planet, Inc., not Sterling Planet Holdings, Inc., is the Defendant in this litigation. Moreover, this proposed Exhibit was

not provided to Plaintiff during the course of her employment, it contains third-party hearsay, and is not relevant to the issues in dispute in this litigation.

44.     Plaintiff's Employment Agreement states that she is entitled 25,000 shares of **Sterling Planet, Inc.** stock, and does not mention Sterling Planet Holdings, Inc.

45.     Lastly, as to Defendant's proposed Exhibit D-58, described by the Defendant as "Bennett's Confidentiality and Non-Solicitation Agreement, April 2007." Defendant on March 8, 2012 withdrew all of its counterclaims against Plaintiff that were based upon an alleged breach of the identified Confidentiality and Non-Solicitation Agreement (attached as Exhibit X) and Defendant's counterclaims were dismissed by Text Order dated March 12, 2012, signed by Magistrate Judge Andrew T. Baxter. Defendant has not asserted any defenses based upon the Confidentiality and Non-Solicitation Agreement. (Exhibit Y).

46.     As such, Defendant's proposed Exhibit D-58 "Bennett's Confidentiality and Non-Solicitation Agreement, April 2007" is not relevant to the prosecution and/or defense of the claims in this litigation.

### 3.     *The Court Should Preclude Documents That Violate the Best Evidence Rule*

47.     In its proposed Exhibit list, Defendant identifies and describes the following proposed Exhibits:

> D-39 "Letter to Bennett re: management positions being relocated to Atlanta, dated 2/20/09,"
>
> D-40 "Letter to Bennett re: consulting agreement, dated 7/1/09," and,
>
> D-51 "Paystub through 7/31/09,"

attached hereto as Exhibits P, Q and S, respectively.

48.     As to Defendant's proposed Exhibit D-39 "Letter to Bennett re: management positions being relocated to Atlanta, dated 2/20/09," this Exhibit is clearly unsigned and Defendant has not provided Plaintiff or the Court with a signed copy of this letter during discovery or in its pre-trial filings.

49.     Further, although the letter is purportedly dated 2/20/09, there is a second notation at the bottom of the Exhibit that recites "6/22/2009," which apparently indicates that to some extent the proposed Exhibit was amended and/or altered after 2/20/09 and on or about 6/27/2009.

50.     As to Defendant's proposed Exhibit D-40 "Letter to Bennett re: consulting agreement, dated 7/1/09," this proposed Exhibit likewise is not signed and indeed is not even on Sterling Planet, Inc. letterhead. Moreover, there is no indication of whether and/or when this document was actually created or whether it was ever submitted by Defendant to Plaintiff. Further, Defendant has not provided Plaintiff or the Court with a signed copy of this letter during discovery or in its pre-trial filings.

51.     Lastly, as to Defendant's proposed Exhibit D-51 "Paystub through 7/31/09," this Exhibit appears to have been produced by a third-party entity called "ADP." It was not provided during discovery and Defendant has not authenticated this document and/or produced a witness qualified to testify to the proposed Exhibit's authenticity.

### 4.     *The Court Should Preclude Documents That Plaintiff did Not Receive in the Course of Her Employment*

52.     As set forth in the accompanying affidavit of Kelly Bennett, sworn to May 31, 2012, Plaintiff did <u>not</u> ever receive the Exhibits that Defendant calls D-39, A Letter to Bennett re: management positions being relocated to Atlanta, dated 2/20/09" and D-40 "Letter to Bennett re: consulting agreement, dated 7/1/09," D-53 "Sterling Planet Stock Option Plan;" D-34

"Unanimous Written Consent of its Board of Directors of Sterling Planet, Inc. adopted 2001 Stock Options Plan;" and D-57 "Sterling Planet's Financial Statements, December 31, 2008 and 2007."

53. Both of these documents appear to have been created by Defendant as purported letters to Plaintiff, but Plaintiff has affirmatively stated that she did not receive either of these documents during the course of her employment. Likewise, she alternatively did not receive Exhibits D-53, D-54 or D-57 during the course of her employment.

54. Moreover, Defendant failed to produce either of these proposed Exhibits D-39 or D-40 during discovery and that the admission of these Exhibits, which contain Defendant's self-serving version of events would cause unfair prejudice to Plaintiff, as Defendant prevented Plaintiff from investigating the veracity and/or authenticity of these documents and prevented her from examining Defendant's Rule 30(b)(6) witness, Mel Jones, regarding such proposed Exhibits during discovery.

55. Based upon the foregoing, Plaintiff Kelly Bennett respectfully requests that the Court exclude Defendant Sterling Planet, Inc. from offering at trial (1) testimony by persons other than Melvin Jones relating to the items listed in Plaintiff's Rule 30(b)(6) Notices of Deposition; (2) evidence that contradicts the gross profit figures and stipulated to profit margins for the renewable energy contracts upon which Plaintiff seeks to recover commissions, which figures Defendant provided in discovery; and (3) certain proposed Exhibits, as set forth hereinabove.

_____
Michael T. Wallender –Bar Roll #102780

Sworn to before me this
31st day of May, 2012

*Regina Sportman*
Notary Public

REGINA SPORTMAN
Notary Public, State of New York
No. 01SP4706057
Qualified in Rensselaer County
Commission Expires September 30, 20 14

S:\DATA\Client8 13601-13900\13734\Trial Documents\MTW Aff_Motion in Limine.docx